**SO ORDERED.**

**SIGNED this 15 day of September, 2006.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

| IN RE: | CASE NO. |
|---|---|
| LARRY ERIC JACKSON AND NICHOLE ANN WHITE JACKSON | 05-10662-8-RDD |
| SHAWN SCOTT VIED | 06-00076-8-RDD |
| PHYLLIS MARIE BENTON | 06-00160-8-RDD |
| JAMES EDWARD WICKENS AND PATRICIA KAYE WICKENS | 06-01226-8-RDD |

**DEBTORS**

## ORDER REGARDING CONFIRMATION

These cases are before the court on the debtors' objections to the trustee's motions for confirmation.

On August 17, 2006, the court conducted a hearing on these matters in Fayetteville, North Carolina.

In each of these cases, the debtor filed a petition pursuant to chapter 13 of the Bankruptcy Code. Each

of the petitions contains a proposed plan submitted by the debtor. After the meeting of creditors required by 11

U.S.C. § 341, the trustee moved to confirm a plan in each case, most of which provided for plan payments identical to those proposed by the debtor.[1]

Thereafter counsel for the debtors filed an "Opposition to Motion for Confirmation of Plan" in each case, objecting to the requirement in the trustee's plans that the debtors remain in the plans for a specific period of time. The debtors propose that they be allowed to be discharged from the plan at any time so long as "all allowed secured, priority, administrative claims required to be paid 'inside' the plan, plus any required dividend to nonpriority, unsecured creditors,

are paid in full." [2]  No objections were filed in these cases by unsecured creditors.

At the hearing, it became apparent that the debtors and the trustee have reached a compromise regarding the plans pending before the court. The trustee proffered that he would be submitting an amended motion for confirmation in each case, modifying his originally proposed plan to incorporate the agreed- upon terms. These modifications would bring the proposed plans into compliance with In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006).

However, these cases all involve one issue that was not addressed in Alexander, but that the court wishes to address in this order. Pursuant to Alexander, below-median debtors are to determine their disposable income

---

[1] The court notes that this method of the trustee's moving for a plan to be confirmed has been the practice in the Eastern District of North Carolina for many years.

[2] The debtors also objected to the re-vesting of property of the estate in the debtor under certain circumstances. However, this objection was withdrawn by the debtors in order to continue further negotiations with the trustee on that issue and therefore is not an issue ripe for decision.

by subtracting their expenses, as determined by Schedule J, from their current monthly income, as determined by Form B22C.  Form B22C requires debtors to subtract their ordinary and necessary business expenses from their gross receipts in order to arrive at their business income, which is included in their current monthly income.[3]  Schedule J requires debtors to include regular expenses from operation of business, profession, or farm in determining their current expenditures.[4]  If below-median debtors are allowed to subtract Schedule J from current monthly income, as determined by Form B22C, then those below-median debtors with business expenses would be allowed a double deduction of those expenses.  Below-median debtors should not be allowed to deduct their business expenses on both forms, thereby lessening their disposable income.  Therefore, when computing disposable income pursuant to Alexander for below-median debtors, business expenses are to be deducted on either Form B22C or on Schedule J, but not on both.[5]

With regard to other issues surrounding the trustee's proposed plans, 11 U.S.C. § 1325(b)(1) states

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
(A)  the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
(B)  the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

---

[3] *See* Form B22C, Part I., Line 3.

[4] *See* Schedule J, Line 16.

[5] The court notes in the Vied, Benton, and Wickens cases, the application of this order still leaves the debtors with negative disposable income, indicating it will have no effect on the proposed plans in these cases.  However, in the Jackson case, the application of this order changes the debtors' disposable income from ($2,817.00) to $383.00, indicating that the proposed plan in this case should now include a distribution to unsecured creditors.

3

This section requires that, unless the debtor proposes to pay an objecting unsecured creditor's claim in full, the debtor must propose to pay into the plan all of the debtor's projected disposable income for the applicable commitment period. However, this section only applies if there is an objection to the proposed plan by the trustee or an unsecured creditor. Based upon the language of this section and because there do not appear to be any issues in dispute regarding confirmation of these plans once amended, the plans to be proposed by the trustee in his amended motion for confirmation must be confirmed, absent an objection to any of the amended plans by an unsecured creditor. However, if any amended plan is objected to by an unsecured creditor, the court will reconsider the issue of confirmation.[6] The trustee is directed to file, and serve on all parties in interest and all creditors, an amended motion for confirmation setting forth the terms agreed upon by the trustee and debtors' counsel, in accordance with In re Alexander, and modifying Schedule J and Form B22C to deduct the business expenses of the debtors only once.[7]

    **SO ORDERED**.

---

[6] The court recognizes the logistical problems that would result from different opinions regarding confirmation requirements for chapter 13 plans in the Eastern District of North Carolina and has considered those problems in rendering this decision. However, the court reserves the right to rule differently if faced with different circumstances, namely a dispute between the trustee and debtor's counsel regarding the amount to be committed to unsecured creditors or an objection to the proposed plan by an unsecured creditor.

[7] The court notes that the plans should also conform to Judge Leonard's ruling in In re Braswell, No. 06-00318-8-JRL (Bankr. E.D.N.C. August 23, 2006).

**END OF DOCUMENT**